**RICKEY IVIE, ESQ.** (SBN 76864)
Email: RIvie@imwlaw.com
**JAMES L. NOBLE, ESQ.** (SBN 325673)
Email: jnoble@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS**
**A Professional Law Corporation**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone:  (213) 489-0028
Facsimile:   (213) 489-0552

Attorneys for Plaintiffs **NOEL GAUTIER,**
**MATTHEW HORTON, USA DIRECT WHOLESALE, INC.**

## UNITED STATES DISTRCIT COURT

## FOR THE CENTRAL DISTRICT OF LOS ANGELES

| | |
|---|---|
| NOEL GAUTIER, an individual; MATTHEW HORTON, an individual; and USA DIRECT WHOLESALE, INC., a private entity,<br><br>                    Plaintiffs,<br><br>vs.<br><br>LOS ANGELES POLICE DEPARTMENT, a municipal entity; CITY OF LOS ANGELES, a municipal entity; OFFICER ALVARO GARZON, an individual; and DOES 1 through 50, inclusive<br><br>                    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.  **Violation of Civil Rights: Unlawful Search and Seizure (42 U.S.C. Section 1983 – 4th and 14th Amendment);**<br>2.  **Violation of Civil Rights: Entity Liability (Monell Claim);**<br>3.  **Violation of Civil Rights: Unlawful Arrest (42 U.S.C. Section 1983 – 4th Amendment)**<br>4.  **False Arrest;**<br>5.  **Violation of Bane Act (Cal. Civil Code section 52.1);**<br>6.  **Conversion;**<br>7.  **Intentional Infliction of Emotional Distress;**<br>8.  **Negligence;** |

|  |  |  |
|---|---|---|
| ) | **9.** | **Violation of Civil Rights: Substantive Due Process (42 U.S.C. Section 1983 –14th Amendment);** |
| ) | **10.** | **Violation of Civil Rights: Deliberate Fabrication of Evidence (42 U.S.C. Section 1983 – 4th Amendment)** |
| ) | **11.** | **Violation of Civil Rights: Equal Protection (42 U.S.C. Section 1983 – 14th Amendment)** |
| ) | **12.** | **Violation of Civil Rights: Unlawful Policy, Custom, or Practice (42 U.S.C. Section 1983).** |

**DEMAND FOR JURY TRIAL**

## I.   INTRODUCTION

1.    This is a Complaint for money damages by Plaintiffs NOEL GAUTIER ("Gautier"), MATTHEW HORTON ("Horton"), and USA DIRECT WHOLESALE, INC., ("Wholesale"), collectively known as "Plaintiffs", arising under Title 42 U.S.C. Section 1983 et seq. for numerous violations of their due process and property rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution. Plaintiffs also bring state law claims for which this Court has supplemental jurisdiction.

2.    NOEL GAUTIER and MATTHEW HORTON are the owners and/or operators of USA DIRECT WHOLESALE, INC., a corporation organized under the laws of the State of California and lawfully doing business as BLVCK LABEL CANNABIS COMPANY ("The Company") in the City of Los Angeles.

3.    BLVCK LABEL CANNABIS COMPANY is the only Black-owned industrial hemp store of this type in its area. Gautier and Horton operated the store successfully and in compliance with all applicable laws. There is no other Black-owned industrial hemp store for miles surrounding this store. The white-

COMPLAINT FOR DAMAGES

owned industrial hemp store nearby was not subjected to the harassment and discrimination that The Company was subjected to, as set forth more fully herein.

4.      The Company's retail store was located at 4501 West Pico Boulevard, Suite A, Los Angeles, CA 90019 ("Subject Property"). The Company offers a wide variety of **industrial hemp** products for sale to the general public at the Subject Property. **The Company does not sell <u>cannabis</u> and has never engaged in any form of commercial cannabis activity within the meaning of Los Angeles Municipal Code section 104.15(a)**. Los Angeles Municipal Code section 104.15 defines "cannabis" as the term is defined by <u>Business and Professions Code</u> section 26001. That definition explicitly excludes "industrial hemp" as defined in <u>Health and Safety Code</u> section 11018.5. The products seized are lawful "industrial hemp" and not "cannabis".

5.      The Company prominently displays the following notice on the Subject Property and all of its advertisements to the public: "NOTICE TO LAW ENFORCEMENT: Blvck Label Cannabis Company is in compliance with the Agricultural Act of 2014, 7 U.S.C. §5940 (2014 Farm Bill), pursuant to pilot programs lawfully established under 7 U.S.C. §5940 in conformance with California Food and Agricultural Code, Division 24, §81001, et seq., and Nevada Revised Statutes §557.010, et seq. California's, Oregon's and Nevada's respective Departments of Agriculture have certified, registered, and regulated the growing of our industrial hemp in conformance with federal and state laws, rules, and regulations…"

6.      All of the Company's industrial hemp products are certified by the Nevada Department of Agriculture as having **no more than three-tenths of 1 percent tetrahydrocannabinol (THC)** after testing with high performance liquid chromatography. **The Company always maintains its certifications at the Subject Property for inspection by law enforcement. Likewise, all**

**products sold at the Subject Property are labeled as industrial hemp on the packaging**. This certification establishes that the Company's products are industrial hemp, which is not regulated by LAMC section 104.15.

7.    Despite the maintenance of THC-content compliance records and a posted Notice advising law enforcement of such, Officer ALVARO GARZON, DOES 1-20, and the LOS ANGELES POLICE DEPARTMENT obtained multiple search warrants based upon false information in order to search the premises of BLVCK LABEL CANNABIS COMPANY on November 26, 2019 and on January 6, 2020. The warrants falsely claim that The Company is a cannabis retail business and that cannabis to be seized from the Subject Premises was used in the commission of a felony. At all times relevant hereto, The Company sold **industrial hemp** only, not cannabis. During the execution of each fraudulent warrant, Defendants acted with the intent to destroy and disable Plaintiff's business.

8.    During the execution of the first fraudulent search warrant on November 26, 2019, Mr. Horton was wrongfully arrested and Defendants caused massive destruction to the Subject Property. After the first fraudulent search warrant was executed, no charges were filed, Plaintiffs' property was never returned, and Plaintiffs were never reimbursed for their damages.

9.    Plaintiffs were able to borrow money and attempted to restart their business operations. During execution of the second fraudulent search warrant on January 6, 2020, Defendants caused even greater destruction in order to permanently put Plaintiffs out of business. Again, the white-owned business nearby selling similar goods was **untouched** by the Los Angeles Police Department.

10.    As a result of these unlawful searches, Plaintiffs' civil rights were violated via destruction of property, unlawful detention, and unlawful search of

premises and seizure of merchandise which was never returned. As a further consequence of these unlawful searches and seizures, Plaintiffs were unable to do business in their store and were ultimately evicted from the premises. **On information and belief, the Los Angeles Police Department's sole motivation was to run Mr. Gautier and Mr. Horton out of business.** Defendants had no legitimate purpose for destroying the Subject Property or causing permanent and unnecessary destruction in executing their fraudulent warrants. Plaintiffs now bring the instant lawsuit and hereby allege as follows:

## II.   JURISDICTION

11.   Jurisdiction is conferred on this Court by 28 U.S.C. Sections 1343(3) and 1343(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. Section 1983. This court also has supplemental jurisdiction under 28 U.S.C. section 1367(a) to hear the state law claims which arise from the same set of operative facts.

## III.   VENUE

12.   Venue is proper in the Central District Court of California in that all injuries complained of herein were caused and suffered in the County of Los Angeles, State of California, as set forth more fully herein. Defendants are properly before this Court because "a substantial part of the events upon which this action is based occurred in this district." 28 U.S.C. sections 1891(a)(2) and 1343.

## IV.   PARTIES

13.   NOEL GAUTIER is a competent adult currently living in the County of Los Angeles, State of California.

14.   MATTHEW HORTON is a competent adult currently living in the County of Los Angeles, State of California.

/ / /

COMPLAINT FOR DAMAGES

15. USA DIRECT WHOLESALE, INC. is a private entity lawfully doing business in the County and City of Los Angeles, State of California and lawfully doing business as BLVCK LABEL CANNABIS COMPANY.

16. At all times relevant herein, Defendant CITY OF LOS ANGELES ("City") was a municipal entity of the State of California. At all times relevant herein, Defendant LOS ANGELES POLICE DEPARTMENT ("LAPD") was the political subdivision of City responsible for providing law enforcement services for City.

17. At all times relevant herein, Defendant OFFICER ALVARO GARZON ("Ofc. Garzon") was a competent adult individual residing in the County of Los Angeles, State of California and was employed as a law enforcement officer for the LAPD. At all times alleged herein said Defendant was acting under color of law and in the course and scope of his employment with Defendants City and LAPD.

18. DOES 1 – 20 are officers of the Los Angeles Police Department that carried out the unlawful searches and seizures that caused damage to Plaintiffs and at all times herein were acting under color of law and in the course and scope of their employment with Defendants City and the LAPD.

19. DOES 21 – 50 are other individuals of unknown capacities who authorized, aided, abetted, or otherwise bear fault for the actions of the other Defendants and/or their own actions in unlawfully violating Plaintiffs' civil rights.

20. At all times relevant hereto, Defendants, and each of them, were acting with permission, consent, and knowledge of their co-defendants. Said Defendants, and each of them, were specifically authorized by their co-defendants, and all acts hereinafter complained of were performed by them within the course and scope of their duties as employees, peace officers, and/or

COMPLAINT FOR DAMAGES

individuals acting under the color of authority.

21.    All Defendants encouraged, assisted, ratified, and/or with deliberate indifference failed to prevent all of the herein acts and omissions of the other Defendants, and each of them.

## V.    COMPLIANCE WITH GOVRNMENT TORT CLAIMS ACT

22.    Plaintiffs timely served their government claims in compliance with applicable law. Those claims have been rejected. Plaintiffs now timely bring the instant lawsuit.

## VI.    GENERAL ALLEGATIONS

23.    On or about November 19, 2019, Officer Alvaro Garzon ("Ofc. Garzon") along with other unknown Doe 1-20 Defendant officers (hereafter, 'said Defendants') fraudulently obtained a search warrant based upon false allegations to search the Subject Property. The warrants falsely claim that The Company is a cannabis retail business and that cannabis to be seized from the Subject Premises was used in the commission of a felony. There was no basis for this allegation, which was and is patently false. After reviewing the false affidavit submitted by said Defendants to obtain the search warrant, Judge Kevin S. Rosenberg of the Los Angeles Superior Court, in reliance on the false statements contained therein, concluded that there was probable cause to believe that property used to commit the felony sale of **cannabis** would be located at the Subject Property.

24.    On or about November 26, 2019, said Defendants, who upon information and belief are officers from the Los Angeles Police Department ("LAPD") acting under color of law, executed the search warrant on the Subject Property and placed Plaintiff MATTHEW HORTON under arrest. During the search, said Defendants acted to cause maximum damage. Said Defendants unlawfully seized industrial hemp products from the Company which were

valued at over $56,000.00, an iPad, keys to enter the Subject Property, and approximately $4,000.00 in United States Currency. Additionally, said Defendants seized various certificates of analysis demonstrating that the products seized by LAPD were **industrial hemp**.

25.     After posting $30,000.00 bail, Mr. Horton was released from custody. **To date, no prosecuting agency has filed a criminal complaint against Mr. Horton. Likewise, Defendants never returned any of Plaintiffs' property**. Despite this devastating blow to Plaintiffs' business, Plaintiffs borrowed money and attempted to continue operating business at the Subject Property in compliance with all applicable laws.

26.     On or about January 6, 2020, said Defendants, acting under color of law, obtained a second fraudulent search warrant to search the Subject Property. After reviewing the fraudulent affidavit submitted by said Defendants to obtain the search warrant, and in reliance upon the false statements contained therein, Judge Rand S. Rubin of the Los Angeles Superior Court concluded that there was probable cause that property used to commit the felony sale of **cannabis** would be located at the Subject Property. On the same day, said Defendants from the LAPD executed the search warrant on the Subject Property.

27.     During the January 6, 2020 search, said Defendants intentionally conducted their search so as to cause maximum damage. said Defendants damaged the surveillance cameras and internet router, cut camera cords, and seized the hard drive connected to the surveillance system. Additionally, said Defendants seized **industrial hemp** products from the Company which were valued at over $14,000.00; an iPad; and approximately $250.00 in United States currency. Finally, said Defendants ripped the retail shelving off the walls and crushed hemp cigarettes. **To date, no criminal action has been commenced as a result of either search. Likewise, Plaintiffs' property has never been**

**returned.**

28.    Because Plaintiffs were duly licensed to conduct business at The Company, and even a cursory inspection of the relevant compliance documents would have shown that Plaintiffs were operating within the boundaries of the law. The Defendants did not and could not have relied on legitimate information to obtain either search warrant. Upon information and belief, said Defendants acting under color of law intentionally and/or recklessly fabricated evidence in order to obtain the search warrants under a false pretense. Upon further information and belief, said Defendants acted with the sole objective to put Plaintiffs out of business.

## FIRST CLAIM FOR RELIEF – §1983 VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT RIGHTS

(Seizure of Horton and Destruction and Seizure of Property Pursuant to a False Warrant)

(By All Plaintiffs Against Ofc. Garzon and DOES 1-20, "said Defendants")

29.    Plaintiffs re-allege and reincorporate paragraphs 1 through 28 as if set forth fully herein.

30.    Said Defendants obtained multiple fraudulent warrants to search the Subject Property and seize goods based upon his affidavits.

31.    The affidavits submitted by said Defendants contained misrepresentations and/or omissions material to the finding of probable cause.

32.    The affidavits submitted by said Defendants contained misrepresentations and/or omissions that were made intentionally and/or with reckless disregard for the truth.

33.    As a result of the execution of these false warrants by said Defendants, Plaintiff Matthew Horton was wrongfully arrested in violation of his Fourth Amendment rights. Mr. Horton has suffered general and monetary

damage as well as emotional injury and mental anguish.

34.    As a result of the execution of these false warrants, the Plaintiffs suffered damages due to the wrongful seizure of property, destruction of the Subject Property, and unlawful deprivation of fungible, perishable goods that were unable to be sold, all in violation of their civil rights. Mr. Horton and Mr. Gautier have suffered general and monetary damages as well as emotional injury and mental anguish in an amount of ten million dollars ($10,000,000.00) each, or according to proof at trial for violation of their Fourth Amendment rights by illegally searching their business and unlawfully confiscating their goods.

35.    Upon information and belief, said Defendants further violated Plaintiffs' Fourteenth Amendment rights when they discriminated against Plaintiffs based upon their perceived Black/African American heritage. Mr. Gautier and Mr. Horton are Black. USA Direct Wholesale, Inc., doing business as The Company, is the only Black-owned industrial hemp shop of its kind within miles of its location. The white-owned shop nearby, selling similar or identical goods, was not targeted by the said Defendants. Said Defendants acted to specifically shut down the only Black-owned store of this type in the area while leaving the nearby white-owned store unaccosted. Said Defendants made multiple false affidavits and executed them in such a way that it was manifestly clear that the unlawful destruction of Plaintiffs' lawful business was their objective.

36.    On information and belief, said Defendants, and each of them, acted with malice and with the intent to cause injury to Plaintiffs, and/or acted with a willful and conscious disregard of the rights of Plaintiffs in a despicable, vile, and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages in the sum of five million dollars ($5,000,000.00) each, or according to proof at trial for the purpose of punishing said Defendants and to deter them and

others from such conduct in the future.

## SECOND CLAIM FOR RELIEF – MONELL CLAIM
## AGAINST ENTITY DEFENDANTS

(By all Plaintiffs against City of Los Angeles and Los Angeles Police Department)

37.     Plaintiffs re-allege and reincorporate paragraphs 1 through 36 as if set forth fully herein.

38.     At all times herein mentioned, Defendants City of Los Angeles and LAPD, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiffs, including the right to be free from unreasonable searches and seizures and the right to be free from unlawful discrimination, instituted policies and allowed the constitutional violations as alleged herein.

39.     Among other things, Defendants City and LAPD failed to adequately train and supervise Ofc. Garzon and DOES 1-20 in their investigation of the lawful sale of industrial hemp products at the Company. Investigations such as the one involving Plaintiffs require attention to the **distinction between industrial hemp, which is lawful, and cannabis, which is restricted**. Ofc. Garzon and DOES 1-20 pursued Plaintiffs for alleged felony activity when even a cursory inspection of the relevant certificates would have revealed that no such unlawful activity was being conducted at the Subject Premises. Reasonable measures should have been taken to determine whether any of Plaintiffs' actions in the sale of industrial hemp was in fact criminal before search and arrest warrants were sought and served, and used as a springboard to destroy Plaintiffs' lawful business without justification.

40.     As a direct and proximate result of the foregoing, Plaintiffs sustained injury and damage as alleged above, in the sum of ten million dollars

COMPLAINT FOR DAMAGES

($10,000,000.00), or according to proof. Plaintiffs do not seek punitive damages under this claim for relief because the entities are immune.

## THIRD CLAIM FOR RELIEF – §1983 VIOLATION OF
## FOURTH AMENDMENT RIGHTS

(Unlawful Arrest of Plaintiff Matthew Horton)

(By Plaintiff Matthew Horton Against All Defendants)

41.     Plaintiffs re-allege and reincorporate paragraphs 1 through 40 as if set forth fully herein.

42.     Said Defendants obtained multiple fraudulent warrants to search the Subject Property and seize goods based upon the warrant affidavits.

43.     The affidavits submitted by said Defendants contained misrepresentations and/or omissions material to the finding of probable cause.

44.     The affidavits submitted by said Defendants contained misrepresentations and/or omissions that were made intentionally and/or with reckless disregard for the truth.

45.     As a result of the execution of these false warrants by said Defendants, Plaintiff Matthew Horton was wrongfully arrested in violation of his Fourth Amendment rights. The officers arrested Mr. Horton (1) without probable cause and (2) following an unlawful search pursuant to a false warrant purporting to authorize only the search of the Subject Location. Mr. Horton has suffered general and monetary damage as well as emotional injury and mental anguish in an amount of ten million dollars ($10,000,000.00), or according to proof at trial. On information and belief, Defendants Ofc. Garzon and Does 1-20, and each of them, acted with malice and with the intent to cause injury to Mr. Horton, or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Mr. Horton is entitled to an award of punitive damages in the sum of five million dollars ($5,000,000.00), or

COMPLAINT FOR DAMAGES

an amount according to proof for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

## FOURTH CLAIM FOR RELIEF – FALSE ARREST

(By Plaintiff Matthew Horton Against All Defendants)

46.   Plaintiffs re-allege and reincorporate paragraphs 1 through 45 as if set forth fully herein.

47.   On or about November 26, 2019, Officer Alvaro Garzon and DOES 1-20, officers from the LAPD, acting in the course and scope of their employment with Defendant LAPD, executed a fraudulent search warrant on the Subject Property and placed Plaintiff MATTHEW HORTON under arrest. During the unlawful search, said Defendants seized industrial hemp products from the Company which were valued at over $56,000.00, an iPad, keys to enter the Subject Property, and approximately $4,000.00 in United States Currency. Additionally, said Defendants seized various certificates of analysis demonstrating that the products seized were industrial hemp, not marijuana.

48.   The warrant executed by said Defendants was illegitimate because Defendants and each of them obtained the warrant to search the Subject Property and seize goods based upon  fraudulent affidavits. The false affidavits submitted by Ofc. Garzon contained misrepresentations and/or omissions material to the finding of probable cause. The Defendants and each of them knew or should have known that the warrant was obtained by false affidavits, misrepresentations and omissions.

49.   As a result of the execution of this false warrant, Plaintiff Matthew Horton was wrongfully arrested in violation of his civil rights. Due to the actions of Defendants and each of them in violating Mr. Horton's civil rights, Mr. Horton has suffered emotional injury and mental anguish in the sum of ten million dollars ($10,000,000.00), or an amount according to proof at trial.

COMPLAINT FOR DAMAGES

50.     At all times herein alleged Mr. Horton had committed no crime. Defendants, and each of them, had no probable cause to believe Mr. Horton had committed a crime.

51.     On information and belief, Defendants Ofc. Garzon and Does 1-20, and each of them, acted with malice and with the intent to cause injury to Mr. Horton, or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Mr. Horton is entitled to an award of punitive damages in the sum of five million dollars ($5,000,000.00), or an amount according to proof for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

## FIFTH CLAIM FOR RELIEF – VIOLATION OF CAL. CIVIL CODE §52.1 (BANE ACT)

### (By All Plaintiffs Against all Defendants)

52.     Plaintiffs re-allege and reincorporate paragraphs 1 through 51 as if set forth fully herein.

53.     All Defendants, including but not limited to Ofc. Garzon and DOES 1-20, acted violently against Plaintiffs and Plaintiffs' property to prevent them from exercising their right to lawfully operate the Subject Property.

54.     Defendants intended to deprive Plaintiffs of their enjoyment of the interests protected by the right to lawfully operate the Subject Property.

55.     All Defendants are directly and/or vicariously liable for the actions that injured Plaintiffs.

56.     As a result of the execution of these false warrants, Plaintiffs all suffered damages due to the wrongful seizure of property, destruction of the Subject Property, and unlawful deprivation of fungible, perishable goods that were unable to be sold, all in violation of their civil rights. Matthew Horton was wrongfully arrested in violation of his civil rights under this section. For the

COMPLAINT FOR DAMAGES

damages caused by Defendants, Plaintiffs, and each of them, seek the sum of ten million dollars ($10,000,000.00) each, in addition to statutory damages under Civil Code section 52, or according to proof at the time of trial.

57.    On information and belief, Defendants Ofc. Garzon and Does 1-20, and each of them, acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard of the rights of Plaintiffs in a despicable, vile, and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages in the sum of five million dollars ($5,000,000.00) each, or according to proof at the time of trial for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

## SIXTH CLAIM FOR RELIEF – CONVERSION

### (By All Plaintiffs Against all Defendants)

58.    Plaintiffs re-allege and reincorporate paragraphs 1 through 57 as if set forth fully herein.

59.    At all times herein alleged, Plaintiffs owned and/or possessed the aforementioned goods and/or materials.

60.    Defendants, individually and collectively, intentionally interfered with Plaintiffs' property by knowingly or intentionally taking possession of the aforementioned property and/or destroying the aforementioned property and/or depriving Plaintiffs of access to the aforementioned property and/or refusing to return the aforementioned property to Plaintiffs after Plaintiffs demanded that it be returned.

61.    As a result of the execution of these false warrants, Plaintiffs suffered damages as alleged herein, which includes, but is not limited to, to the wrongful seizure of property, destruction of the Subject Property, and unlawful deprivation of fungible, perishable goods that were unable to be sold, all in

violation of their civil rights. Plaintiffs seek the sum of ten million dollars ($10,000,000.00), or an amount according to proof at the time of trial.

62.     Defendants Ofc. Garzon and Does 1-20 acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard of the rights of Plaintiffs in a despicable, vile, and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages in an amount of five million dollars ($5,000,000.00) each, or an amount according to proof at the time of trial for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

### SEVENTH CLAIM FOR RELIEF – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(By Plaintiffs Matthew Horton and Noel Gautier Against All Defendants)

63.     Plaintiffs re-allege and reincorporate paragraphs 1 through 62 as if set forth fully herein.

64.     The conduct of Defendants, and each of them, was outrageous conduct.

65.     As a direct result of the conduct of Defendants, Mr. Horton and Mr. Gautier were caused to suffer severe emotional distress in a sum of ten million dollars ($10,000,000.00) each, or an amount according to proof at the time of trial. Defendants intended that Plaintiffs suffer emotional distress and/or acted with reckless disregard for the likelihood that Plaintiffs would suffer severe emotional distress as a result of Defendants' conduct.

66.     Defendants Ofc. Garzon and Does 1-20 , acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard of the rights of Plaintiffs in a despicable, vile, and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages in the sum of five million dollars ($5,000,000.00) each, or an amount according to

COMPLAINT FOR DAMAGES

proof at the time of trial for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

## EIGHTH CLAIM FOR RELIEF – NEGLIGENCE

(By All Plaintiffs Against all Defendants)

67.     Plaintiffs re-allege and reincorporate paragraphs 1 through 66 as if set forth fully herein.

68.     Defendants and each of them failed to act with reasonable care in their actions towards the Plaintiffs and were incompetent to investigate alleged felony narcotics crimes against the Plaintiffs.

69.     As a result of the execution of these false warrants, the Plaintiffs have been injured substantially as set forth above.

70.     The negligence of Defendants City and LAPD in hiring and/or supervising and/or retaining Defendants Ofc. Garzon and/or DOES 1-20 was also a substantial factor in causing harm to the Plaintiffs.

## NINTH CLAIM FOR RELIEF – §1983 VIOLATION OF FOURTEENTH AMENDMENT RIGHTS

(Substantive Due Process Violations)

(By All Plaintiffs Against All Defendants)

71.     Plaintiffs re-allege and reincorporate paragraphs 1 through 70 as if set forth fully herein.

72.     The actions of Ofc. Garzon and DOES 1-20 alleged herein are an abuse of power which shocks the conscience. Defendants City and LAPD are subject to Monell liability for these actions as alleged above.

73.     The actions of Defendants alleged herein have arbitrarily and wrongfully caused all Plaintiffs to be deprived of liberty and property without due process of law.

COMPLAINT FOR DAMAGES

74.     The actions of Defendants alleged herein have arbitratily and wrongfully caused Plaintiff Matthew Horton to be deprived of his liberty without due process of law.

75.     The actions of Defendants were done intentionally and/or recklessly in such a manner that shocks the conscience and/or manifests deliberate indifference to the rights of all Plaintiffs.

76.     Plaintiffs have been injured as set forth above and in the sum of ten million dollars ($10,000,000.00) each, or an amount according to proof at trial. Plaintiff seeks punitive damages against the Ofc. Garzon and Does 1-20 in the sum of five million dollars ($5,000,000.00) each, or an amount according to proof at trial. Plaintiff is not seeking punitive damages against the entity defendants.

## TENTH CLAIM FOR RELIEF – §1983 VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT

(Deliberate Fabrication of Evidence)

(By All Plaintiffs Against Ofc. Garzon and DOES 1-20)

77.     Plaintiffs re-allege and reincorporate paragraphs 1 through 76 as if set forth fully herein.

78.     Ofc. Garzon and/or DOES 1-20 ("said Defendants") deliberately fabricated evidence by doing the conduct alleged herein.

79.     As a result of said Defendants' deliberate fabrication of evidence and material misrepresentations, Plaintiffs were wrongfully subjected to criminal penalties.

80.     As a result of said Defendants' deliberate fabrication of evidence and material misrepresentations, Plaintiffs were wrongufully deprived of their liberty. Matthew Horton was wrongfully arrested. Noel Gautier and USA Direct Wholesale were restrained from lawfully operating their industrial hemp

COMPLAINT FOR DAMAGES

business. Plaintiffs seek damages in the sum of ten million dollars ($10,000,000.00) each, or an amount according to proof at trial.

81.    On information and belief, said Defendants, and each of them, acted with malice and with the intent to cause injury to Plaintiffs, and/or acted with a willful and conscious disregard of the rights of Plaintiffs in a despicable, vile, and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages in the sum of five million dollars ($5,000,000.00) each, or an amount according to proof at the time of trial for the purpose of punishing said Defendants and to deter them and others from such conduct in the future.

## ELEVENTH CLAIM FOR RELIEF - §1983  VIOLATION OF FOURTEENTH AMENDMENT

### (Equal Protection)

### (By All Plaintiffs Against All Defendants)

82.    Plaintiffs re-allege and reincorporate paragraphs 1 through 81 as if set forth fully herein.

83.    Upon information and belief, Defendants violated Plaintiffs' Fourteenth Amendment rights when they discriminated against Plaintiffs based upon their perceived Black/African American heritage. Mr. Gautier and Mr. Horton are Black. USA Direct Wholesale, Inc., doing business as The Company, is the only Black-owned industrial hemp shop of its kind within miles of its location. The white-owned shop nearby, selling similar or identical goods, was not targeted by the said Defendants. Said Defendants acted to specifically shut down the only Black-owned store of this type in the area while leaving the nearby white-owned store unaccosted. Said Defendants made multiple false affidavits and executed them in such a way that it was manifestly clear that the unlawful destruction of Plaintiffs' lawful business was their objective.

84.    As a result of Defendants' actions, Plaintiffs have been injured as set forth above and in the sum of ten million dollars ($10,000,000.00) each, or an amount according to proof at trial. Plaintiff seeks punitive damages against the Ofc. Garzon and Does 1-20 in the sum of five million dollars ($5,000,000.00) each, or an amount according to proof at trial. Plaintiff is not seeking punitive damages against the entity defendants.

## TWELFTH CAUSE OF ACTION - §1983 VIOLATION
## OF CIVIL RIGHTS

(Unlawful Official Policy, Practice, or Custom)

(By All Plaintiffs Against Defendants City of Los Angeles and LAPD)

85.    Plaintiffs re-allege and reincorporate paragraphs 1 through 84 as if set forth fully herein.

86.    Ofc. Garzon and/or Does 1-20, who are the employees of Defendants City of Los Angeles and/or LAPD, acted under color of state law when they acted as described herein.

87.    The acts of Ofc. Garzon and/or Does 1-20 deprived Plaintiffs of their rights under the laws of the United States as described herein.

88.    Ofc. Garzon and Does 1-20 acted pursuant to an expressly adopted offifical policy or a widespread or longstanding practice or custom of the Defendants LAPD and/or City of Los Angeles.

89.    Defendants City of Los Angeles and/or LAPD's official policy/widespread or longstanding practice or custom caused the deprivation of Plaintiffs' rights by Ofc. Garzon and Does 1-20. The policy/custom or practice of Defendants City of Los Angeles and/or LAPD is so closely related to the deprivation of the Plaintiffs' rights that it is the moving force that caused the ultimate injury to Plaintiffs.

90.     As a direct and proximate result of the foregoing, Plaintiffs sustained injury and damage as alleged above, in the sum of ten million dollars ($10,000,000.00), or according to proof. Plaintiffs do not seek punitive damages under this claim for relief because the entities are immune.

## PRAYER

WHEREFORE, Plaintiffs pray for judgment against all Defendants, jointly and severally, as follows:

1. For compensatory, special and general damages in the sum of ten million dollars ($10,000,000.00) as to each Plaintiff, or an amount according to proof against Ofc. Garzon and Does 1-20 by all Plaintiffs on the 1st, 10th, and 11th Claims for Relief;

2. For compensatory, special and general damages in the sum of ten million dollars ($10,000,000.00) as to each Plaintiff, or an amount according to proof against Defendant City and LAPD by all Plaintiffs on the 2nd, 11th, and 12th Claim for Relief;

3. For compensatory, special and general damages in the sum of ten million dollars ($10,000,000.00), or an amount according to proof against all Defendants by Plaintiff Matthew Horton on the 3rd and 4th Claims for Relief;

4. For compensatory, special and general damages in the sum of ten million dollars ($10,000,000.00) as to each Plaintiff, or an amount according to proof against all Defendants by all Plaintiffs on the 5th, 6th, 8th and 9th Claims for Relief;

5. For compensatory, special and general damages in the sum of ten million dollars ($10,000,000.00) as to each Plaintiff, or an amount according to proff against all Defendants by Plaintiff Matthew Horton and Plaintiff Noel Gautier on the 7th Claim for Relief;

COMPLAINT FOR DAMAGES

6.   For punitive damages in the sum of five million dollars ($5,000,000.00) as to each Plaintiff, or in an amount according to proof at trial against Defendant Ofc. Garzon and Does 1-20 by all Plaintiffs on the 1st, 5th, 6th, 9th, 10th and 11th Claims for Relief;

7.   For punitive damages in the sum of five million dollars ($5,000,000.00), or an amount according to proof against Defendant Ofc. Garzon and Does 1-20 by Plaintiff Matthew Horton on the 3rd and 4th Claims for Relief;

8.   For punitive damages in the sum of five million dollars ($5,000,000.00) as to each Plaintiff, or an amount according to proff against Defendants Ofc. Garzon and Does 1-20 by Plaintiff Matthew Horton and Plaintiff Noel Gautier on the 7th Claim for Relief;

9.   For reasonable attorney fees on the 1st, 5th, 9th and 10th Claims for Relief against Defendants Ofc. Garzon and Does 1-20 by all Plaintiffs;

10.  For reasonable attorney fees on the 3rd Claim for Relief against Defendants Ofc. Garzon and Does 1-20 by Plaintiff Matthew Horton;

11.  For reasonable attorney fees on the 2nd and 5th Claims for Relief against Defendants City of Los Angeles and LAPD by all Plaintiffs;

12.  For costs of suit, pre-judgment, and post-judgment interest; and

13.  Such other and further relief as the Court may deem necessary or appropriate.

Dated: September 3, 2020             **IVIE McNEILL WYATT
                                      PURCELL & DIGGS**

                         By:   /s/ James L. Noble, Esq.
                               **RICKEY IVIE, ESQ.**
                               **JAMES L. NOBLE, ESQ.**
                               Attorneys for Plaintiffs **NOEL GAUTIER,
                               MATTHEW HORTON, USA DIRECT
                               WHOLESALE, INC.**

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action.

Dated: September 3, 2020

**IVIE McNEILL WYATT PURCELL & DIGGS**

By:    /s/ James L. Noble, Esq.

**RICKEY IVIE, ESQ.**
**JAMES L. NOBLE, ESQ.**
Attorneys for Plaintiffs **NOEL GAUTIER, MATTHEW HORTON, USA DIRECT WHOLESALE, INC.**

COMPLAINT FOR DAMAGES